

**R23 LAW APC**
Peng Shao (319624)
Peng@R23Law.com
Jared V. Walder (310687)
Jared@R23Law.com
633 West Fifth St. 26th Floor
Los Angeles, CA 90071
Tel:   888-533-2948
Fax:  415-558-0230

*Attorneys for Plaintiff*
*Shawn Boring*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHAWN BORING,** an individual;<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**CHECKR INC; and DOES 1 to 50,** inclusive;<br><br>　　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. FCRA<br>2. ICRAA<br>3. CAL. BUS. & PROF. CODE § 17200<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES



Plaintiff SHAWN BORING ("Plaintiff"), an individual files this Complaint and Demand for Jury Trial against Defendants CHECKR INC ("Checkr"); and DOES 1 to 50, inclusive (collectively "Defendants"), and based on information and belief, hereby alleges and complains as follows:

## INTRODUCTION

1. This action arises from the inaccurate and incomplete investigative consumer report (the "Report") prepared by Defendant Checkr in connection with Plaintiff's employment.

2. Despite Plaintiff's submission of documentation, Checkr and the Report continued to misstate driver's license status and traffic record, failed to reflect accurate information, and ultimately caused the termination of an employment opportunity.

3. Upon information and belief, Checkr failed to follow reasonable procedures to assure maximum possible accuracy of the information it reported, and ignored its obligations under federal and state consumer protection statutes once Plaintiff disputed the Report.

4. Defendant Checkr violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* by failing to maintain procedures to assure maximum possible accuracy, and by failing to conduct a reasonable reinvestigation upon receiving notice of dispute. Similarly, Checkr violated the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code section 1786 *et seq.*

5. As a result of Defendants' conduct, Plaintiff was denied employment, suffered financial loss, and experienced emotional distress and reputational harm.

6. Plaintiff now brings this action for violations of the FCRA, ICRAA, and California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*, and seeks actual, statutory, and punitive damages, restitution, and all other relief authorized by law.



## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 due to federal causes of action under 15 U.S.C. § 1681, and under 28 U.S.C. § 1332 due to diversity of citizenship.

8. Jurisdiction is proper in this Court because the amount in controversy exceeds the jurisdictional minimum of this Court, and this case involves the violation of Federal statutes.

9. Because all Defendants conduct business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff SHAWN BORING is a natural person, a resident of the state of Texas, and a "consumer" as that term is defined by the FCRA.

12. Defendant CHECKR INC is an investigative consumer reporting agency as defined by the FCRA with its principal address of business in 1 MONTGOMERY ST, SUITE 2400, SAN FRANCISCO, CA 94104.

13. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, pursuant to the CCP § 474. Plaintiff is informed and believes, and thereon alleges that each Named Defendant and each Defendant designated as a Doe is involved in or is in some manner responsible as an officer, director, managing agent, principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and



damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## FACTUAL ALLEGATIONS

14. In or around February 2025, Plaintiff underwent a background investigation as an employee of the Spark driver platform, which was conducted by Defendant Checkr.

15. On or about February 18, 2025, Defendant Checkr issued an investigative consumer report concerning Plaintiff to Spark Driver. The report inaccurately and misleadingly stated that Plaintiff's Minnesota driver's license (No. W363274516512) was "REVOKE." The report did not disclose or reflect that Plaintiff had lawfully transferred his license to Texas and had obtained a valid Texas driver's license prior to the report's issuance.

16. On February 19, 2025, Spark Driver issued a pre-adverse action notice to Plaintiff stating that his "License must be valid" and attaching the inaccurate Checkr report. Despite the notice's language inviting Plaintiff to dispute the information, Spark Driver took final adverse action and terminated Plaintiff's employment.

17. On or about May 1, 2025, Plaintiff submitted a formal dispute directly to Checkr, challenging the report's inaccuracy regarding his license status. Plaintiff explained that the Minnesota license had been transferred in accordance with law to Texas and that his Texas license was valid at the time of the report.

18. On May 6, 2025—during the pendency of the dispute—Plaintiff provided Checkr with a legible copy of his valid Texas driver's license and reiterated that the reported "REVOKE" status was inaccurate and misleading in light of the license transfer.

19. On May 13, 2025, Checkr responded that it had completed its reinvestigation and had issued a revised report. However, the revised report continued



to reflect only the Minnesota license and an invalid "CSOR" status.

20. Checkr failed to update the report to include the valid Texas license, which guarantees that Spark will move forward with adverse action and termination, because the license status has to read valid for the state in which it is being considered.

21. When Plaintiff questioned why Checkr failed to incorporate the valid Texas license, Checkr cited an internal policy that prohibits updating license numbers more than 30 days after report issuance. Checkr admitted that it received Plaintiff's Texas license within the dispute period, but nonetheless refused to update the report on this basis.

22. Checkr's internal "30-day" policy is not mandated by law, nor is it a legitimate basis to continue reporting materially misleading and inaccurate license information after a dispute. The policy prevented the correction of plain factual inaccuracies and was the sole reason Checkr refused to report Plaintiff's valid Texas license.

23. As a direct and proximate result of Checkr's conduct, Spark Driver permanently terminated Plaintiff's employment. Plaintiff was unable to regain employment with Spark because Checkr refused to supply a corrected report, and Spark was under no obligation to request a new report from Checkr.

24. Checkr's conduct in failing to correct known inaccuracies in Plaintiff's report was negligent, and in light of the dispute evidence provided, willful and in reckless disregard of Plaintiff's rights under the Fair Credit Reporting Act.

25. Checkr's inaccurate reporting, and its subsequent refusal to correct the report despite possessing accurate, timely documentation, interfered with Plaintiff's prospective economic relationship with Spark Driver and foreseeably caused Plaintiff to lose employment and income.

26. As a result of Checkr's conduct, Plaintiff has suffered actual damages, including but not limited to lost income, reputational harm, and emotional distress. Plaintiff continues to suffer harm due to the dissemination of the inaccurate report and



the refusal to issue corrected information.

## ACTUAL DAMAGES

27. As a direct and proximate result of Defendants' conduct, Plaintiff lost a valuable employment opportunity and suffered emotional distress, reputational harm, and financial damages. All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future.

## **FIRST CAUSE OF ACTION**

Violation of the Fair Credit Reporting Act (FCRA)

*[Against All Defendants]*

28. Plaintiff hereby alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c). Defendants are "consumer reporting agencies" and/or "persons" as defined by 15 U.S.C. §§ 1681a(f) and (b).

30. The background check report at issue constitutes a "consumer report" and/or "investigative consumer report" as defined by 15 U.S.C. §§ 1681a(d) and (e), as it was used for employment purposes and contained information bearing on Plaintiff's personal characteristics, character, reputation, or mode of living.

31. Defendants, and each of them, violated the FCRA by engaging in one or more of the following acts or omissions, without limitation:

   a. Failing to obtain Plaintiff's proper written authorization before procuring or causing to be procured a consumer report for employment purposes;

   b. Failing to provide Plaintiff with clear, conspicuous, and stand-alone written disclosures prior to the procurement of a consumer report;

   c. Failing to provide Plaintiff with a copy of the consumer report and a summary of rights before taking adverse action based on that report;



d. Taking adverse action against Plaintiff without providing adequate pre-adverse and post-adverse action notice as required by law;

e. Furnishing or using inaccurate, incomplete, misleading, outdated, or unverifiable information in the consumer report;

f. Failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer report;

g. Failing to maintain adequate internal controls, training, or oversight to ensure compliance with FCRA obligations;

h. Failing to properly verify the accuracy of information in Plaintiff's consumer report after receiving a dispute from Plaintiff;

i. Failing to conduct a timely, reasonable, or good-faith reinvestigation of disputed information;

j. Re-reporting previously disputed and uncorrected information without proper certification or reinvestigation;

k. Failing to block, suppress, or otherwise correct information identified as resulting from fraud or identity theft;

l. Using or furnishing a consumer report for an impermissible purpose, or without a legitimate business need as required by the FCRA;

m. Failing to properly certify the purpose for which the report was obtained or used;

n. Failing to make required disclosures to Plaintiff about the source and use of the report;

o. Engaging in any other act or omission that constitutes a violation of Plaintiff's rights under the FCRA.

32.  As a direct and proximate result of the above violations, Plaintiff suffered actual damages, including but not limited to denial of employment, lost income, emotional distress, reputational harm, and other economic and non-economic losses.

Case 3:25-cv-06467-SI  Document 1  Filed 07/31/25  Page 8 of 11



33. As a direct and proximate result of the above violations, Plaintiff suffered actual damages, including but not limited to denial of employment, lost income, emotional distress, reputational harm, and other economic and non-economic losses.

34. Defendants' violations were willful and/or reckless, entitling Plaintiff to actual damages, statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. §§ 1681n and 1681o. Alternatively, Plaintiff alleges that Defendants' conduct was negligent, entitling Plaintiff to recover under the FCRA.

## FIRST CAUSE OF ACTION

Violation of the Investigative Consumer Reporting Agencies Act (ICRAA)

*[Against All Defendants]*

35. Plaintiff hereby re-alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

36. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1786.2(c). Checkr is an "investigative consumer reporting agency" as defined by Cal. Civ. Code § 1786.2(d). Checkr is an "investigative consumer reporting agency" as that term is defined in Civil Code section 1786.2(d).

37. The Report constitutes an "investigative consumer report" under Cal. Civ. Code § 1786.2(f), as it was used for employment purposes and included information on Plaintiff's character, general reputation, and mode of living obtained through personal interviews or public records.

38. Checkr violated Cal. Civ. Code § 1786.20(b) by failing to maintain reasonable procedures to ensure the maximum possible accuracy of the information contained in the Report. The Report included materially inaccurate, incomplete, and unverifiable employment information that should not have appeared in a report used to evaluate Plaintiff's suitability for employment.

39. Checkr also violated Cal. Civ. Code § 1786.24 by failing to conduct a

8
COMPLAINT FOR DAMAGES



reasonable reinvestigation after receiving Plaintiff's written dispute. Checkr's reinvestigation process resulted in no meaningful corrections.

40. As a direct and proximate result of Defendants' violations of the ICRAA, Plaintiff suffered actual damages including loss of employment opportunity, emotional distress, reputational harm, and financial hardship.

41. Defendants' violations were willful or reckless, entitling Plaintiff to statutory damages, actual damages, punitive damages, attorney's fees, and costs pursuant to the ICRAA. Alternatively, Plaintiff alleges that Defendants' conduct was negligent, entitling Plaintiff to recover under the ICRAA.

## THIRD CAUSE OF ACTION

Violation of the Cal. Bus. & Prof. Code § 17200 *et seq.*

*[Against All Defendants]*

42. Plaintiff hereby alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

43. Pursuant to Cal. Bus. & Prof. Code § 17200 et seq, Defendants were obligated to refrain from engaging in unfair business practices, including the unfair business practice of producing inaccurate and incomplete consumer background report about Plaintiff in violation of applicable California and Federal laws.

44. It is the policy of this State to enforce consumer background reporting laws, and to protect those businesses who comply with the law from losing competitive advantage to other businesses who fail to comply.

45. Defendant has engaged in the unfair business practices of consistently and knowingly committing the violations against Plaintiff as alleged in this complaint.

46. Defendants' conduct described herein constitutes an unlawful and unfair business practice. On information and belief, Defendants systematically apply internal policies that prevent correction of inaccurate consumer report information in violation of the FCRA.



47. Plaintiff is a "person" within the meaning of the Business & Professions Code § 17204, and thus possesses standing to bring this suit for injunctive relief and restitution. As alleged in this Complaint, Plaintiff has suffered injury in fact from the unfair business practices of Defendant as required by Business & Professions Code § 17204.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

1. For declaration that Defendants' practices violate the law;
2. For actual, compensatory, special, and general damages in an amount according to proof;
3. For statutory penalties and punitive damages for each separate statutory violation where allowed by statute;
4. For pre- and post- judgment interest;
5. For reasonable attorney's fees and costs;
6. For injunctive relief as applicable; and
7. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

DATED: July 31, 2025

BY: */S/ Jared V. Walder*
Jared V. Walder, ESQ

**R23 LAW APC**
Jared V. Walder
jared@R23Law.com

*Attorney for Plaintiff*
*Shawn Boring*



# ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.