Rod M. Fliegel, Bar No. 168289
rfliegel@littler.com
LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
Telephone:    415.433.1940
Facsimile:    415.399.8490

Rachel E. Simons, Bar No. 322804
resimons@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone:    916.830.7200
Facsimile:    916.561.0828

Attorneys For Defendant
CHECKR INC.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN BORING, an individual, | Case No. 3:25-cv-06467-SI |
| Plaintiff, | **DEFENDANT CHECKR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| CHECKR INC; and DOES 1 to 50, inclusive, | Trial Date:    None Set |
| Defendants. | Complaint Filed:    July 31, 2025 |

CASE NO. 3:25-cv-06467-SI

Defendant CHECKR INC. ("Defendant") hereby answers the Complaint ("Complaint") filed by Plaintiff SHAWN BORING ("Plaintiff"), for itself and no others, as set forth herein. **For avoidance of any doubt, Plaintiff's claims against Defendant are subject to binding arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). By filing this Answer, Defendant does not waive, but expressly reserves, its right to compel arbitration and to contest this Court's exercise of subject matter jurisdiction on all available grounds.** Any allegation not explicitly admitted is denied.

The prefatory paragraph in the Complaint are legal conclusions to which no response is required. Insofar as that is not the case, Defendant denies the allegations contained therein.

## INTRODUCTION

1.     Answering Paragraph 1 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

2.     Answering Paragraph 2 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

3.     Answering Paragraph 3 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

4.     Answering Paragraph 4 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

5.     Answering Paragraph 5 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

6.     Answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff's Complaint purports to assert claims for violation of the FCRA and California law against Defendant. Defendant specifically denies that there is either a factual or legal basis for Plaintiff's claim against

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT CHECKR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant or that Plaintiff is entitled to any relief sought from Defendant. To the extent that the allegations contained in Paragraph 6 of the Complaint are deemed factual, Defendant denies the allegations.

## JURISDICTION AND VENUE

7. Answering Paragraph 7 of the Complaint, Defendant reiterates that Plaintiff's claims are subject to binding arbitration under the FAA. By filing this Answer, Defendant does not waive, but expressly reserves, its right to compel arbitration and to contest this Court's exercise of subject matter jurisdiction on all available grounds. To the extent that the allegations in Paragraph 7 are inconsistent with the existence of a binding arbitration agreement, Defendant denies the allegations.

8. Answering Paragraph 8 of the Complaint, Defendant reiterates that Plaintiff's claims are subject to binding arbitration under the FAA. By filing this Answer, Defendant does not waive, but expressly reserves, its right to compel arbitration and to contest this Court's exercise of subject matter jurisdiction on all available grounds. To the extent that the allegations in Paragraph 8 are inconsistent with the existence of a binding arbitration agreement, Defendant denies the allegations.

9. Answering Paragraph 9 of the Complaint, Defendant reiterates that Plaintiff's claims are subject to binding arbitration under the FAA. By filing this Answer, Defendant does not waive, but expressly reserves, its right to compel arbitration and to contest this Court's exercise of subject matter jurisdiction on all available grounds. To the extent that the allegations in Paragraph 9 are inconsistent with the existence of a binding arbitration agreement, Defendant denies the allegations.

10. Answering Paragraph 10 of the Complaint, Defendant reiterates that Plaintiff's claims are subject to binding arbitration under the FAA. By filing this Answer, Defendant does not waive, but expressly reserves, its right to compel arbitration and to contest this Court's exercise of subject matter jurisdiction on all available grounds. To the extent that the allegations in Paragraph 10 are inconsistent with the existence of a binding arbitration agreement, Defendant denies the allegations.

## PARTIES

11. Answering Paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph regarding Plaintiff's residence (which he inconsistently alleges is both "in this judicial district" and in Texas in Paragraphs 10 and 11, respectively), and therefore denies the allegations of this paragraph on that basis, except Defendant admits

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

that Plaintiff is a natural person. The remaining allegations of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

12. Answering Paragraph 12 of the Complaint, Defendant admits that it operates as a consumer reporting agency ("CRA") and maintains offices at 1 Montgomery Street, in San Francisco, California. The remaining allegations of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

13. Answering Paragraph 13 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

### **FACTUAL ALLEGATIONS**

14. Answering Paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies the allegations of this paragraph on that basis, except Defendant admits that it issued a report to Spark regarding Plaintiff in or around February 2025.

15. Answering Paragraph 15 of the Complaint, Defendant responds that the consumer report is a document that speaks for itself, and Defendant denies the allegations in this paragraph to the extent they are inconsistent with the document referenced therein.

16. Answering Paragraph 16 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies the allegations of this paragraph on that basis.

17. Answering Paragraph 17 of the Complaint, Defendant responds that the "formal dispute" is a document that speaks for itself, and Defendant denies the allegations in this paragraph to the extent they are inconsistent with the document referenced therein.

18. Answering Paragraph 18 of the Complaint, Defendant responds that the driver's license and related correspondence are documents that speak for themselves, and Defendant denies the allegations in this paragraph to the extent they are inconsistent with the documents referenced therein.

///

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT CHECKR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

19. Answering Paragraph 19 of the Complaint, Defendant responds that the revised report is a document that speaks for itself, and Defendant denies the allegations in this paragraph to the extent they are inconsistent with the document referenced therein.

20. Answering Paragraph 20 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

21. Answering Paragraph 21 of the Complaint, Defendant responds that the correspondence is a document that speaks for itself, and Defendant denies the allegations in this paragraph to the extent they are inconsistent with the document referenced therein.

22. Answering Paragraph 22 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

23. Answering Paragraph 23 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

24. Answering Paragraph 24 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

25. Answering Paragraph 25 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

26. Answering Paragraph 26 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

## **ACTUAL DAMAGES**

27. Answering Paragraph 27 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT CHECKR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## FIRST CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act (FCRA)

### *[Against All Defendants]*

28.    Paragraph 28 of the Complaint merely incorporates the preceding allegations and Defendant therefore incorporates its responses to the preceding allegations.

29.    Answering Paragraph 29 of the Complaint, Defendant admits that it operates as a CRA and that Plaintiff is a natural person. The remaining allegations of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

30.    Answering Paragraph 30 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

31.    Answering Paragraph 31 of the Complaint, Defendant responds that the contents of this paragraph, including all subparts, constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

32.    Answering Paragraph 32 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

33.    Answering Paragraph 33 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

34.    Answering Paragraph 34 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

CASE NO. 3:25-cv-06467-SI

DEFENDANT CHECKR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**FIRST CAUSE OF ACTION [SIC]**

**Violation of the Investigative Consumer Reporting Agencies Act (ICRAA)**

**[*Against All Defendants*]**

35.    Paragraph 35 of the Complaint merely incorporates the preceding allegations and Defendant therefore incorporates its responses to the preceding allegations.

36.    Answering Paragraph 36 of the Complaint, Defendant admits that it operates as a CRA and Plaintiff is a natural person. The remaining allegations of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

37.    Answering Paragraph 37 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

38.    Answering Paragraph 38 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

39.    Answering Paragraph 39 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

40.    Answering Paragraph 40 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

41.    Answering Paragraph 41 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT CHECKR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**THIRD CAUSE OF ACTION**

**Violation of the Cal. Bus. & Prof. Code § 17200 *et seq.***

*[Against All Defendants]*

42.     Paragraph 42 of the Complaint merely incorporates the preceding allegations and Defendant therefore incorporates its responses to the preceding allegations.

43.     Answering Paragraph 43 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

44.     Answering Paragraph 44 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

45.     Answering Paragraph 45 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

46.     Answering Paragraph 46 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations.

47.     Answering Paragraph 47 of the Complaint, Defendant responds that the contents of this paragraph constitute legal conclusions to which Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations, except Defendant admits that Plaintiff is a natural person.

**PRAYER FOR RELIEF**

The Prayer for Relief contains argument and conclusions of law, not allegations of fact and thus no response is required.  However, to the extent a response is permitted, Defendant generally and specifically denies each and every allegation contained therein, denies that Plaintiff was damaged in any manner by Defendant's conduct, and further denies that Plaintiff is entitled to damages, penalties, declaratory relief, injunctive relief, interest, or attorneys' fees or costs, or any other relief or remedy.

/ / /

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

**JURY DEMAND**

Defendant denies that Plaintiff is entitled to a jury because he entered into an arbitration agreement with Defendant.

**SEPARATE DEFENSES**

Defendant pleads the following defenses, without waiving its ability to compel arbitration under the FAA, and reserves the right to plead additional defenses that may become apparent during the defense of this case. By asserting these defenses, Defendant does not concede that it has the burden of production and/or proof as to any defense asserted below.

1.     Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

2.     Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff failed to take reasonable steps to avoid harm. All of the damages allegedly sustained by Plaintiff could have been avoided by the principles of mitigation, and the doctrine of avoidable consequences and all similar and equivalent doctrines.

3.     Plaintiff's Complaint is barred, in whole or in part, because Defendant maintained reasonable procedures to comply with applicable law at all times relevant to Plaintiff's Complaint, it complied with the FCRA in the handling of Plaintiff's report, and it is therefore entitled to each and every defense stated in and available under the FCRA and to all limitations of liability.

4.     Plaintiff's Complaint, and in particular his request for punitive damages, is barred, in whole or in part, because at all material times Defendant acted reasonably, in good faith, and without malice based upon all relevant facts and circumstances known by Defendant at the time, and did not at any time willfully or negligently fail to comply with the FCRA.

5.     Plaintiff's claims for statutory damages and any request for punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution because: (a) the punitive damages claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of punitive and/or statutory damages would constitute an arbitrary and capricious taking of Defendant's property which is unjustified by any rational governmental

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

interest; and/or (c) the award of punitive damages with wholly standardless discretion is inconsistent with due process.

6.    The Complaint is barred, in whole or in part, because Plaintiff did not suffer any cognizable damage or other harm as a proximate result of any alleged act or omission of Defendant or its agents or employees.

7.    Assuming that Plaintiff suffered or sustained any loss, damage or injury, which Defendant specifically denies, such loss, damage or injury was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and their negligence or wrongful conduct was an intervening and superseding cause of the purported loss, damage or injury of which Plaintiff complains.

8.    The statutory provisions asserted by Plaintiff in this litigation are vague and ambiguous, or at a minimum are not pellucid for purposes of 15 U.S.C. § 1681n.

9.    Plaintiff's state law claims are barred under Civil Code section 1786.52, which states in pertinent part that "[t]he entry of a final judgment against the investigative consumer reporting agency or user of information in an action brought pursuant to the provisions of Section 1681n or 1681o of Title 15 of the United States Code shall be a bar to the maintenance of any action based on the same act or omission which might be brought under this title."

10.    Plaintiff's claim for statutory damages is barred to the extent that he later claims an entitlement to actual damages.

11.    Plaintiff's claims are barred, in whole or in part, to the extent that discovery later demonstrates that he is estopped from pursuing claims by virtue of his representations made in connection with any bankruptcy that would encompass his claims or to the extent that he is otherwise barred from presenting such claims as a result of bankruptcy proceedings.

12.    Plaintiff's claims for statutory and punitive damages are barred, in whole or in part, to the extent that discovery later demonstrates that Plaintiff incurred no actual damages as a result of Defendant's conduct.

13.    Plaintiff's claims are barred, in whole or in part, because Defendant's communications of information concerning Plaintiff fell within a statutory exception to the definition of

10                    CASE NO. 3:25-cv-06467-SI

DEFENDANT CHECKR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

"consumer report" found in the FCRA. 15 U.S.C. § 1681a(y). The FCRA preempts state law to the extent that state law conflicts with the text or purpose of the FCRA.

14.    Plaintiff's claims are barred, in whole or in part (including but not limited to for lack of jurisdiction or venue), because Plaintiff is bound to arbitrate his claims against Defendant.

15.    Plaintiff's claim for injunctive or other equitable relief fails because an adequate remedy at law exists, he lacks standing to seek equitable relief, his claim for injunctive relief would be moot, and because applicable law, including the FCRA, does not provide consumers with a right to seek injunctive or declaratory relief against CRAs.  The FCRA also preempts state remedies.

16.    Plaintiff's claims are barred, in whole or in part, to the extent that discovery demonstrates that Plaintiff's pursuit of claims against other parties, the resolution of those claims, or verdicts entered in those claims would result in more than one recovery for the same underlying injury or violate the "one satisfaction rule."

17.    Plaintiff's claims are barred, in whole or in part, to the extent that any alleged errors by Defendant resulted in a more favorable report than if there had not been an error by Defendant.

18.    Plaintiff's claims for equitable relief pursuant to the California Business and Professions Code section 17200 *et seq.*, are barred in whole or in part, on the grounds that adequate remedies at law exist.

19.    Any claims by Plaintiff for restitution pursuant to California Business and Professions Code section 17200 *et seq.* are barred to the extent they constitute claims for damages or penalties of any nature.

20.    Plaintiff's claim for unfair competition or unlawful business practices are barred, in whole or in part because Plaintiff lacks standing to sue under California Business and Professions Code sections 17200 and 17204 as he has not suffered any injury in fact or lost money or property as a result of any allegedly unlawful business practice of Defendant.

### RESERVATION OF ADDITIONAL DEFENSES

Defendant alleges that because the Complaint is couched in conclusory terms, all defenses that may be applicable cannot be fully anticipated at this time. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is reserved by Defendant. In addition,

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT CHECKR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant reserves the right to amend this Answer in arbitration or any other forum if Defendant later discovers facts demonstrating the existence of new and/or additional defenses, and/or if a change in the law supports the inclusion of new and/or additional defenses, and/or if Plaintiff amends his claims or asserts new claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that if the action proceeds in this Court, not in arbitration pursuant to the FAA:

1. Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing by virtue of this action;

2. Defendant be awarded attorneys' fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

Dated:  September 17, 2025

LITTLER MENDELSON, P.C.

/s/*Rachel E. Simons*
Rod M. Fliegel
Rachel E. Simons

Attorneys For Defendant
CHECKR INC.

4923-8768-1117.2 / 091435.1784

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT CHECKR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT